**Richard Jerrald FITCH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. C14–90–237–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 27, 1991.

Discretionary Review Refused Oct. 2, 1991.

Douglas M. O'Brien, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Richard Jerrald Fitch, appeals his judgments of conviction for the offenses of aggravated robbery, TEX.PENAL CODE ANN. § 29.03 (Vernon 1989), and two aggravated sexual assaults TEX.PENAL CODE ANN. § 22.021 (Vernon 1989). The jury rejected appellant's not guilty plea and assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of eight years on the aggravated robbery conviction and fifteen years on each of the aggravated sexual assault convictions. We affirm.

In appellant's sole point of error, he asserts that having first been convicted of the offense of aggravated robbery, the subsequent convictions for aggravated sexual assault are barred by the double jeopardy clause.

The record reveals that the complainant was working by herself at 2:30 a.m. on February 6, 1989, at a Stop 'N Go store on Huffmeister Road when appellant entered the store, pulled a knife from his pocket and forced her into the store office. Appellant then forced the complainant, at the point of a knife, to put his penis into her mouth. After several minutes, appellant ordered the complainant to stand up and pull her pants down. Appellant then inserted his finger into the complainant's vagina while making lewd remarks. Thereafter, appellant took a twelve-pack of beer and a bottle of wine from the cooler, and the money from the store's cash register before leaving.

Citing the Supreme Court's recent decision in *Grady v. Corbin*, —— U.S. ——, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), as authority, appellant contends in his only point of error that double jeopardy considerations should have limited the State to a single conviction, and that both convictions for aggravated sexual assault should now be set aside. Appellant was charged in a single indictment alleging in three counts the offenses of aggravated robbery, aggravated sexual assault and aggravated sexual assault all occurring in the same criminal episode on the same date with the same complainant. Appellant did not object to the consolidation of the offenses for trial. At the conclusion of the evidence, the trial court prepared and submitted separate jury charge for each offense; each charge contained a separate verdict for the respective offense.

The Fifth Amendment to the United States Constitution, applicable to the States through the Fourteenth Amendment, states that no person shall be subject for the same offense to be twice put in jeopardy of

life or limb. The Double Jeopardy Clause of the United States Constitution embodies three protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

Different concerns are implicated in the successive prosecution context where Double Jeopardy protects an accused from attempts to relitigate the facts underlying a prior acquittal, *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), and from attempts to secure additional punishment after a prior conviction and sentence. *Green v. United States,* 355 U.S. 184, 187–88, 78 S.Ct. 221, 223–24, 2 L.Ed.2d 199 (1957). Because appellant was subjected to only one trial, Ashe and Green are not implicated. Therefore, the issue in this cause is limited to whether appellant was subjected to multiple punishments for the same offense in violation of the Double Jeopardy Clause. *Cervantes v. State* (Tex. Crim.App. No. 025–88, June 5, 1991).

A rule of statutory construction to determine whether the legislature intended multiple punishments was established by the Supreme Court in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), wherein the Court held:

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.... "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either stat-

ute does not exempt the defendant from prosecution under the other."

*Blockburger* involved a single trial, where the defendant made one drug sale and was convicted of two offenses: selling the drug not in its original stamped package and selling the drug not in pursuance of a written order of the purchaser. The Supreme Court held that double jeopardy did not prevent the imposition of dual convictions and sentences because each crime involved proof of a fact which the other did not.

The two convictions in the instant case pass the Blockburger test; that is, the aggravated robbery conviction and the aggravated sexual assault convictions each require proof of a fact which the other does not. To establish the aggravated robbery conviction, the State had to prove that appellant used or exhibited a deadly weapon when he intentionally or knowingly threatened or placed another in fear of bodily injury or death during the course of theft. TEX.PENAL CODE ANN. § 29.03. Pursuant to aggravated sexual assault counts of the indictment, the State had to prove that appellant intentionally and knowingly by use of physical force and violence and by threatening the present use of force and violence against the complainant, not his spouse: (In count two) caused the penetration of the mouth of the complainant with his sexual organ, without the consent of the complainant, and in the course of the same criminal episode he used and exhibited a deadly weapon, namely, a knife; (In count three) cause the penetration of the female sex organ of the complainant by placing his finger in the female sexual organ of the complainant without her consent and in the course of this criminal episode used and exhibited a deadly weapon, namely, a knife. TEX.PENAL CODE ANN. § 22.021. A comparison of the two statutes clearly demonstrates that each requires proof that the other does not. Under a strict *"Blockburger"* analysis, aggravated sexual assault cannot be considered a lesser included offense of aggravated robbery. Under the *Blockburger* test, therefore, appellant can be prosecuted for both the aggravated robbery and the aggravated sexual assault.

To determine whether double jeopardy prohibits multiple punishments which are imposed at one trial, we must determine whether the legislature intended that each violation be a separate offense. *Garrett v. United States,* 471 U.S. 773, 793, 105 S.Ct. 2407, 2418, 85 L.Ed.2d 764 (1985). In *Garrett,* 471 U.S. 773, 105 S.Ct. 2407, the defendant sought double jeopardy protection from prosecution for "continuing criminal enterprise," where facts underlying a prior conviction are offered to prove one of three predicate offenses that must be shown to make out a continuing criminal enterprise violation. The Supreme Court refused to interpret the Double Jeopardy Clause to provide relief under either a theory of successive prosecution or of cumulative sentencing, holding that the protection "does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Garrett,* 471 U.S. at 793, 105 S.Ct. at 2418–19.

The Double Jeopardy Clause, though a barrier to legislative attempts to authorize retrial after an acquittal or conviction, simply does not intrude on prerogatives in fashioning the statutory framework that will govern a court's sentencing decisions. Its purpose in the punishment phase of the trial " 'is limited to assuring that the [sentencing] court does not exceed its legislative authorization by imposing multiple punishments for the same offense.' " *Albernaz v. United States,* 450 U.S. 333, 344, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275, 285 (1981) quoting *Brown,* 432 U.S. at 165, 97 S.Ct. at 2225, 53 L.Ed.2d at 194. When reviewing a defendant's claim that the sentences he received in a single criminal trial violate the Double Jeopardy Clause, therefore, "the question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to impose." *Albernaz,* 450 U.S. at 344, 101 S.Ct. at 1145, 67 L.Ed.2d at 285. *Ex parte, Herron,* 790 S.W.2d 623 (Tex.Crim.App. 1990).

We find that the aggravated robbery and the aggravated sexual assaults are not the "same offense" pursuant to the *Blockburger* test and the State legislature has the right to authorize multiple punishments for the offenses in our case. Therefore, we conclude that the trial court, in assessing punishments for aggravated robbery and of the two aggravated sexual assault counts of the indictment, did not violate the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution.

It might be argued that there was but *one* sexual assault in this case, accomplished by two different means. However, the record clearly demonstrates that there were two separate acts of penetration involving different objects and different body cavities. If the acts of penetration had been separated by several hours, as opposed to several minutes, there would certainly be no question but that two sexual assaults were committed in this case. The question that arises, then, is how much time must transpire between penetrations to convert "alternative means" into "separate" offenses? In any event, the issue was not raised by appellant, and he makes no complaint on appeal which would fairly raise this question. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.